## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 08 2020, 8:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andriosha M. Brown, *Appellant-Defendant,* | July 8, 2020 |
| v. | Court of Appeals Case No. 19A-CR-3069 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Clayton Graham, Judge |
| | Trial Court Cause No. 49G07-1907-CM-27477 |

**Tavitas, Judge.**

# Summary

Andriosha Brown appeals her conviction for criminal mischief, a Class B misdemeanor.  We affirm.

# Issue

Brown presents one issue for our review, which we restate as whether the evidence is sufficient to convict Brown for criminal mischief, a Class B misdemeanor.

# Facts

Brown and Deondre[1] have four children together and have been in an open relationship for eight or nine years.  Tr. Vol. II p. 31.  On June 2, 2019, Brandi Ingram ("Ingram") was visiting Deondre at another friend's apartment in Marion County.  During the visit, Ingram heard a noise outside the apartment. Ingram then went to the window of the apartment where she witnessed Brown repeatedly striking the windows of Ingram's 2014 Mazda with a short pole. Ingram recognized Brown because Ingram and Brown went to high school together and grew up in the same neighborhood.

According to Ingram, the incident lasted approximately five minutes; Brown first broke the front windshield and subsequently broke the passenger side and driver side windows.  Ingram also witnessed Brown attempt to unsuccessfully

---

[1] Deondre's last name was not provided in the court record.

break the back window. After Brown left, Ingram called her mother, Sarah Fitzgerald ("Fitzgerald"), and her cousin. Ingram observed Brown leave the scene, but Brown kept returning. Ingram's cousin arrived approximately fifteen minutes later and followed Ingram to Fitzgerald's house. While at Fitzgerald's home, Ingram called the police. According to Fitzgerald: (1) the windshield and the back window of the 2014 Mazda were both broken; and (2) the back window, located behind her grandson's car seat in the back seat, was broken and the car seat was covered with broken glass fragments.

[5] Officer Turner[2] with the Indianapolis Metropolitan Police Department arrived at Fitzgerald's residence. Officer Turner took photographs and spoke with Ingram. Ingram later spoke to Detective Richard Eldridge and emailed him a video[3] depicting Brown by Ingram's car.

[6] The State charged Brown with criminal mischief, a Class A misdemeanor. A bench trial was held in December 2019. At the close of the presentation of the State's evidence, Brown moved to dismiss under Indiana Trial Rule 41(B), which the trial court denied.

[7] Brown testified that, in the afternoon on June 2, 2019, she took her children to a waterpark. Brown denied that she damaged Ingram's car windows. At the

---

[2] Officer Turner's first name was not provided in the record.

[3] Ingram testified she attempted to record the incident but testified she "recorded [Brown] moments after she bust (sic) the last window". Tr. Vol. II p. 17.

bench trial, the State did not introduce the police report, photographs, or Ingram's video into evidence. During closing arguments, the State contended the police report did not "add any merit to the case . . ." *Id.* at 35-36.

[8] The trial court entered judgment on the lesser-included offense of criminal mischief, a Class B misdemeanor, and stated: ". . . it was not made clear to the Court through the testimony at trial that [the damage] was at least $750." *Id.* at 37. The trial court sentenced Brown to 180 days, with 174 days suspended to probation. Brown now appeals her conviction.

## Analysis

[9] Brown argues the evidence is insufficient to support her conviction. When there is a challenge to the sufficiency of the evidence, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*), *cert. denied*. Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84). "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court"). "We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt."

*Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[10] Brown was found guilty of criminal mischief, a Class B misdemeanor, pursuant to Indiana Code Section 35-43-1-2(a), which provides[4]: "A person who recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent commits criminal mischief . . . ." Brown's specific argument is that the evidence is insufficient to prove Brown damaged or defaced Ingram's 2014 Mazda because: (1) there is a lack of evidence presented to prove the damage was caused by Brown; and (2) Ingram's testimony is incredibly dubious.

[11] The incredible dubiosity rule "allows an appellate court to impinge upon the fact-finder's assessment of witness credibility when the testimony at trial was so 'unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone.'" *Carter v. State,* 44 N.E.3d 47, 52 (Ind. Ct. App. 2015) (quoting *Moore v. State,* 27 N.E.3d 749, 751 (Ind. 2015)). "Incredible dubiosity is a difficult standard to meet, requiring ambiguous, inconsistent testimony that 'runs counter to human experience.'" *Id.* (quoting *Edwards v. State,* 753 N.E.2d 618, 622 (Ind. 2001)). In *Moore,* our Supreme Court held that "the appropriate scope of the incredible dubiosity rule

---

[4] The Class A misdemeanor statute has a pecuniary loss requirement of "at least seven hundred fifty dollars ($750) but less than fifty thousand dollars ($50,000)." Ind. Code § 35-43-1-2. Although Brown was charged with a Class A misdemeanor, the trial court convicted her of a Class B misdemeanor. Accordingly, we will not discuss the pecuniary loss requirement.

as utilized in Indiana and other jurisdictions requires that there be: 1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or the result of coercion; and 3) a complete absence of circumstantial evidence." *Moore,* 27 N.E.3d at 756.

[12] Brown's reliance on the incredible dubiosity rule is misplaced. Importantly, Ingram's testimony was consistent throughout. Ingram claimed Brown was present at the scene and broke the windows of the 2014 Mazda. The fact that Ingram testified that Brown and Deondre also had an altercation that day does not render the incredible dubiosity rule applicable. *See Berry v. State,* 703 N.E.2d 154, 160 (Ind. 1998) (declining to apply the incredible dubiosity rule to defendant's argument that the testimony of the State's witnesses conflicted, because no witness contradicted himself).

[13] Brown also argues that Ingram's testimony regarding the extent of the damage conflicted with Fitzgerald's testimony. Ingram testified she could clearly see Brown striking the Mazda windows with a short pole. Ingram then testified that, after Brown broke the front, driver-side, and passenger windows, Brown attempted to break the rear window of the vehicle. Similarly, although she was not present when the damage occurred, Fitzgerald testified that when she saw the vehicle, the front windshield, driver-side and passenger-side windows, and the rear window of the Mazda were broken. Brown contends there is an inconsistency between Ingram's and Fitzgerald's testimony concerning the damage incurred to the rear window.

This difference in Ingram's and Fitzgerald's testimony presents a mere credibility question for the trial court, and the incredible dubiosity doctrine does not apply. Ingram's testimony was not inherently contradictory, equivocal, or the result of coercion; accordingly, Brown fails to satisfy the second prong of the incredible dubiosity rule. Brown's argument that Ingram's testimony is insufficient because it conflicts with Fitzgerald's testimony is simply a request for us to reweigh the evidence, which we cannot do. *See Gibson,* 51 N.E.3d at 210.

Ultimately, Ingram testified that she saw Brown strike the Mazda with a short pole, and the trial court found Ingram to be a credible witness. The State presented evidence that Brown recklessly, knowingly, or intentionally damaged the vehicle without the owner's consent. Accordingly, the State introduced sufficient evidence to convict Brown of criminal mischief, a Class B misdemeanor.

## Conclusion

The evidence is sufficient to support Brown's conviction. We affirm.

Affirmed.

Riley, J., and Mathias, J., concur.